UNITED STATES DISTRICT COURT FILED
OCT - 1 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHIAL FOSTER,

Plaintiff,

v. 25-CV-221 (JLS)

DEPT OF THE TREASURY,
NINA BOLIN,
URSULA DEAN, and
KATHLEEN KENNY,

Defendants.

---

**DECISION AND ORDER**

*Pro se* Plaintiff Michial Foster, an inmate at the Wende Correctional Facility, commenced this action seeking the return of monies that the Internal Revenue Service ("IRS") allegedly disbursed to the wrong individual. Dkt. 1.

Foster was granted permission to proceed *in forma pauperis* ("IFP"). Dkt. 14. The Court, therefore, screens his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b).

For the reasons below, Foster's claim under 28 U.S.C. § 7422 may proceed to service against the United States, and the complaint is otherwise dismissed with leave to replead certain claims.

## DISCUSSION

# I. LEGAL STANDARDS

## A. Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

## B. Pleading Standards

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### C. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). Section 1983 itself "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### D. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however

unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II. ALLEGATIONS

Foster alleges that the New York State Department of Corrections and Community Supervision "does not allow inmates to have a bank account." Dkt. 1 at 10. In 2020, the IRS deposited two checks totaling $3,600 intended for Foster as Economic Impact Payments ("EIPs) or stimulus checks into a third-party account at the Northern Credit Union. *Id.* at 10, 16, 25-26. Since 2021, Foster has been requesting that he receive the EIPs. *Id.* at 10.

Foster seeks $3,600 in damages, plus interest. *Id.* at 5. He sues the United States Department of the Treasury ("Treasury Department") and individual defendants employed by the IRS, a bureau of the Treasury Department, in their official capacity. *Id.* at 2-3.

## III. ANALYSIS

The complaint does not allege any constitutional violation. *See Bianco v. I.R.S.*, No. 93 CIV. 3953 (LBS), 1994 WL 538020, at *2 (S.D.N.Y. Oct. 3, 1994) ("[P]laintiff has not come close to articulating a basis for a finding of constitutional

injury here. There has been no suggestion that IRS officials exceeded the scope of their authority under the Internal Revenue Code in carrying out their duties (even assuming those duties were malperformed); nor has there been any suggestion that IRS officials denied plaintiff a chance to be heard before taking action adverse to his interests, or that they treated him differently from others on an impermissible basis. At most, plaintiff has stated a claim of bureaucratic obstructionism which simply fails to rise to constitutional dimension.").[1] Instead, the Court construes Foster's claims as arising under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 26 U.S.C. § 7422, and the Federal Tort Claims Act ("FTCA").

### A. The CARES Act

The CARES Act and subsequent enactments authorized the EIPs that Foster seeks. *See* 26 U.S.C. §§ 6428(a)(1), 6428A(a), and 6428B(b). But courts "around the country[] agree that there is no implied private right of action for individuals under the CARES Act." *Thompson v. U.S. Dep't of Treasury Internal Revenue Serv.*, No. CV 23-03103, 2023 WL 4744751, at *2 (D.N.J. July 25, 2023) (collecting cases). *See also Goodnough v. United States Internal Revenue Serv.*, No. 2:23-CV-490-KJD, 2024 WL 3967253, at *2 (D. Vt. Aug. 28, 2024) (explaining that "[s]ome courts have dismissed prisoner EIP actions brought after the EIP issuance deadlines [of January 15, 2021 and December 31, 2021], reasoning that the respective deadlines are absolute and disbursement of EIPs after the deadlines is not possible.").

[1] If the Court has misconstrued Foster's complaint and he intended to raise a constitutional violation, he may do so in an amended complaint.

This claim is, therefore, dismissed without leave to amend.

**B. 28 U.S.C. § 7422**

Congress has "conferred subject matter jurisdiction on federal district courts to consider claims for tax refunds that have been wrongfully assessed or collected." *Swinton v. United States Internal Revenue Serv.*, No. 3:22-CV-900 (JAM), 2023 WL 6379415, at *3 (D. Conn. Sept. 30, 2023) (citing 28 U.S.C. § 1346(a)(1)). The "consensus among courts having addressed complaints of missing or erroneously administered COVID stimulus checks is to apply § 7422 tax refund procedures to such claims." *Id.* (citation modified).

But "the United States' waiver of sovereign immunity for tax refund suits is conditioned upon the taxpayer's compliance with . . . jurisdictional prerequisites." *Goodnough,* 2024 WL 3967253, at *4 (citing 26 U.S.C. § 7422(a)). These include:

> First, the taxpayer must "duly file" a timely administrative "claim for refund or credit . . . with the [IRS], according to the provisions of law . . . and regulations of the Secretary [of Treasury] in pursuance thereof." 26 U.S.C. § 7422(a). A claim for a tax refund "shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a). Second, the taxpayer may not file suit "before the expiration of 6 months from the date of filing the [administrative refund] claim," unless the IRS disallows the claim within the six-month period and the taxpayer sues within two years of receiving notice of the disallowance. 26 U.S.C. § 6532(a)(1).

*Id.* The suit "may be maintained only against the United States[.]". 28 U.S.C. § 7422(f)(1).

Here, the attachments to the complaint suggest that Foster complied with the jurisdictional prerequisites of 26 U.S.C. § 7422(a). In particular, the complaint

attaches an IRS Form 3911 dated September 11, 2023—albeit without any indication that it was submitted. Dkt. 1 at 27-28. The complaint also attaches correspondence from the IRS, which states that on August 15, 2022, Foster filed an identity theft claim using IRS Form 14039. *Id.* at 16.

Notwithstanding any exhaustion of remedies, Foster has not sued the United States. Nevertheless, "[i]n light of [Foster's] *pro se* status and clear intention to assert claims against the United States of America, . . . the Court construes the . . . complaint as asserting claims against the United States of America, and directs the Clerk of Court to amend the caption of this action to replace the [Treasury Department] with the United States of America." *Jordan-Rowell v. IRS*, No. 1:23-CV-2155 (ALC), 2023 WL 3766065, at *1 (S.D.N.Y. May 4, 2023) (citing Fed. R. Civ. P. 21). This "amendment is without prejudice to any defenses the United States of America may wish to assert." *Id.*

**C. The FTCA**

Generally, "'the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity.'" *Leytman v. United States Dep't of Homeland Sec. Transp. Sec. Admin.*, 804 F. Appx 78, 79 (2d Cir. 2020) (summary order) (quoting *County of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010)).[2] But "[t]he

[2] Even if Foster's claims were brought against the individual defendants in their individual capacities, Congress "has not created a statutory remedy similar to 42 U.S.C. § 1983 for claims against federal officials acting under the color of federal law." *Claude v. Dukate*, No. 3:24-CV-01289 (VDO), 2026 WL 972873, at *4 (D.

FTCA . . . waives that immunity with respect to certain tort claims." *Id.* (citing 28 U.S.C. § 1346(b)). Thus, "a suit against the United States [under the FTCA] is the exclusive remedy for a suit for damages for injury or loss of property 'resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Rivera v. United States*, 928

---

Conn. Apr. 10, 2026) (citing *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017)). The Supreme Court, however, has recognized a remedy for damages in three contexts:

> (1) Fourth Amendment search and seizure suit against federal narcotics officers ([*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)])"; (2) a Fifth Amendment due process suit against a congressman-employer on the grounds of gender discrimination (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) an Eighth Amendment cruel and unusual punishment suit against federal jailers for failure to provide adequate medical treatment (*Carlson v. Green*, 446 U.S. 14 (1980)).

*Id.* (citing *Ziglar*, 582 U.S. at 131).

Where a "claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Ziglar*, 582 U.S. at 136). "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)).

The claim here—the failure to disburse IRS funds to the correct recipient—is materially different from *Bivens*, *Davis*, or *Carlson*, and the existence of alternative remedies, including those discussed above, caution against the expansion of a *Bivens* remedy into this new context. *See Bethea v. Kenny*, No. 7:25-CV-00642, 2026 WL 1257360, at *4 (W.D. Va. May 7, 2026) (noting that "taxpayers who did not receive the stimulus payments at issue could have obtained an offsetting reduction in their annual tax liability" and that "Congress created the Treasury Inspector General for Tax Administration, an entity separate and distinct from the IRS, with responsibility for investigating allegations of misconduct by IRS employees." (citations omitted)).

F.2d 592, 608 (2d Cir. 1991) (quoting 28 U.S.C. § 2679(b)(1)). *See also Reid v. Internal Revenue Serv.*, No. 21-CV-8106 (LTS), 2021 WL 5094826, at *1 (S.D.N.Y. Oct. 18, 2021) (construing claim that the IRS "failed to process and deliver [plaintiff's] stimulus check" as arising under the FTCA). *But see Coffey v. United States*, No. 24-CV-1006-SMY, 2024 WL 3343049, at *2 (S.D. Ill. July 8, 2024) (where plaintiff alleged that his EIP check was stolen by someone impersonating him, the court concluded that "the FTCA is inapplicable to 'any claim arising in respect to the assessment or collection of any tax'" (quoting *Clark v. United States*, 326 F.3d 911, 913 (7th Cir. 2003))).

The "FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (first citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); and then citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994)). As the statute states:

> An action shall not be instituted upon a claim against the United States for money damages for . . . loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C § 2675(a). The administrative claim must include "sufficiently specific information as to the basis for his claim, the nature of his injuries, and the amount of damages sought [so] that the agency can reasonably understand what it must

probe to determine liability, to value the claim, and to assess the advisability of settlement." *Collins v. United States*, 996 F.3d 102, 119 (2d Cir. 2021) (citation omitted).

Even if Foster has exhausted his administrative remedies, and timely commenced this action,[3] he has not identified a claim arising under state law, which is fatal to a claim under the FTCA. *See Liranzo v. United States*, 690 F.3d 78, 86 (2d Cir. 2012) ("The FTCA does not waive sovereign immunity for claims based solely on alleged violations of federal law." (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994))); *Mest v. Naguib*, No. 08-CV-00416A(F), 2010 WL 1644189, at *9 (W.D.N.Y. Mar. 30, 2010) ("Given the Plaintiff's FTCA claim is predicated on alleged violations of federal regulations, rather than state law, such allegations fail to state a claim under the FTCA."), *report and recommendation adopted*, 2010 WL 1644180 (W.D.N.Y. Apr. 22, 2010).

This claim is dismissed with leave to amend.

## CONCLUSION

For the reasons set forth above, Foster's claim under 28 U.S.C. § 7422 may proceed to service against the United States of America; his CARES Act claim is dismissed without leave to amend; and the complaint is otherwise dismissed under

---

[3] An FTCA claim must be "presented in writing to the appropriate [f]ederal agency within two years after such claim accrues or unless action is begun within six months . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), with leave to file an amended complaint.

Foster may file an amended complaint by **November 17, 2026**, in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Foster is advised that an amended complaint **replaces completely** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Foster is further advised that he has been granted leave to amend only the claim addressed above. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

**ORDER**

IT HEREBY IS ORDERED that the Clerk of Court shall amend the caption to replace the Dept. of the Treasury with the United States of America; and it is further

ORDERED that Foster's claim under 28 U.S.C. § 7422 may proceed to service; and it is further

ORDERED that Foster's CARES Act claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) without leave to amend; and it is further

ORDERED that the complaint is otherwise dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) but with leave to amend; and it is further

ORDERED that Foster may file an amended complaint as directed above by no later than **November 17, 2026**; and it is further

ORDERED that the Clerk of Court shall send to Foster with this Decision and Order, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Foster does not file an amended complaint by **November 17, 2026**, the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the complaint, and this order upon the United States,[4] without Foster's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in his favor; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Foster must immediately notify the Court in writing each time his

---

[4] In particular, "the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ('USM-285 form') for the United States of America. The Clerk of Court is also instructed to mark the box on the USM-285 form labeled 'Check for service on U.S.A.,' issue a summons for the United States of America, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the United States of America." *Jordan-Rowell*, 2023 WL 3766065, at *1.

address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: October 1, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE